IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BURCH MICHAEL BOWEN,

    Plaintiff,                    No. 2:12-cv-1519 MCE GGH P

    vs.

MATTHEW CATE, et al.,

    Defendants.             ORDER

                                /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
5 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8 A complaint must contain more than a "formulaic recitation of the elements of a
9 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11 "The pleading must contain something more...than...a statement of facts that merely creates a
12 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
15 v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570). "A
16 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
17 the reasonable inference that the defendant is liable for the misconduct alleged." Id.

18 In reviewing a complaint under this standard, the court must accept as true the
19 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
20 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
21 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
22 1843 (1969).

23 Plaintiff names several defendants at CSP-Solano, Avenal State Prison and
24 CDCR's executive offices.[1] The crux of plaintiff's claims involve his transfer to Avenal State

---

[1] Plaintiff states he has not fully exhausted the claims in the instant complaint, though some of the information regarding the claims are currently pending in inmate appeals.

Prison, instead of the California Medical Center.  Plaintiff states he has been diagnosed with Guillian Barre Syndrome and being transferred to a new prison was detrimental to his treatment and the transfer itself nearly killed him.  However, plaintiff provides no specific details regarding how doctors at the new prison have improperly treated him, or how doctors at the prior prison were indifferent in allowing him to be transferred, or even what his treatment consists of, i.e., why Avenal cannot meet his needs.  Plaintiff simply provides conclusory statements that defendants have violated his rights.  While plaintiff has no right to be housed in a particular prison, he must be provided with proper medical treatment.  Plaintiff's complaint is dismissed with leave to file an amended complaint within twenty-eight days of service of this order.  Plaintiff must identify how defendants violated his rights, whether it is doctors who treated him or officials who ordered his transfer.  Plaintiff must show that the transfer to Avenal significantly impacted him because insufficient treatment is available at Avenal.  Simply stating the transfer nearly killed him and defendants knew this might happen is insufficient.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.[1]  Failure to file an amended complaint will result in a recommendation that this action be dismissed.

The Constitution does not guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another.  Meachum v. Fano, 427 U.S. 215, 223–225, 96 S.Ct. 2532, 2538 (1976).  See Rizzo v. Dawson, 778 F.2d 527 (9th Cir. 1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one

---

[1] If it is solely the treatment at Avenal Prison that is to be the subject of this action, then it will be transferred to the Fresno Division.  See Local Rule 120(d).

institution than in another" without violating the prisoner's due process rights).

In order to state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842.

It is nothing less than recklessness in the criminal sense-subjective standard-disregard of a risk of harm of which the actor is actually aware. Id. at 838-842. "[T]he

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842.  If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42.  However, obviousness per se will not impart knowledge as a matter of law.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
3 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
4 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
5 there is some affirmative link or connection between a defendant's actions and the claimed
6 deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
7 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
8 vague and conclusory allegations of official participation in civil rights violations are not
9 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
11 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
12 amended complaint be complete in itself without reference to any prior pleading.  This is
13 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
14 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
15 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
16 original complaint, each claim and the involvement of each defendant must be sufficiently
17 alleged.

18    Plaintiff has also filed a motion seeking better medical care and to be transferred
19 to a hospital.  Doc. 7.  Plaintiff has again failed to describe the medical care he is receiving and
20 how it is inadequate.  Plaintiff does state that he refused to see a physician's assistant, but then
21 levels allegations against the doctor he was going to see.  The motion is vacated without
22 prejudice to its refiling upon the filing of an amended complaint and a renewal of the motion
23 with specifics.
24 \\\\\
25 \\\\\
26 \\\\\

1       In accordance with the above, IT IS HEREBY ORDERED that:

2       1. Plaintiff's request for leave to proceed in forma pauperis is granted.

3       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
4  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
5  § 1915(b)(1). The fee shall be collected and paid in accordance with this court's order to the
6  Director of the California Department of Corrections and Rehabilitation filed concurrently
7  herewith.

8       3. The complaint is dismissed for the reasons discussed above, with leave to file
9  an amended complaint, within twenty-eight days from the date of service of this order. Failure to
10 file an amended complaint will result in a recommendation that this action be dismissed.

11      4. Plaintiff's motion for better medical care (Doc. 7) is vacated without prejudice.

12 DATED: August 13, 2012

                        /s/ Gregory G. Hollows
                 UNITED STATES MAGISTRATE JUDGE

GGH: AB
bowe1519.b