1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   BURCH MICHAEL BOWEN,                    No.  2:12-cv-1519 MCE AC P

11              Plaintiff,

12        v.                                 ORDER

13   MATTHEW CATE, et al.,

14              Defendants.

15

16        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

17   U.S. § 1983.  By order filed on September 17, 2013, the court found that plaintiff had framed a

18   colorable Eighth Amendment claim against a number of defendants in his second amended

19   complaint, but granted plaintiff leave to amend his claims against two additional defendants

20   within thirty days.  ECF No. 24.  The undersigned also noted that although plaintiff had been

21   appointed counsel for the limited purpose of drafting and filing a second amended complaint,

22   plaintiff would be proceeding from that point pro se.  Id.  On October 28, 2013, plaintiff was

23   granted an additional thirty days either to file a third amended complaint or to submit the requisite

24   documents to effect service of the second amended complaint.  ECF No. 26.

25        Plaintiff has evidently elected to proceed on his second amended complaint.  However, in

26   a recent request for appointment of counsel plaintiff avers that the Law Library Supervisor, Mr.

27   Sanchez, has refused to provide plaintiff with any of the copies he needs for the second amended

28   complaint to be served.  ECF No. 28.  Plaintiff states that he has provided Mr. Sanchez with this

                                             1

1  court's order directing plaintiff to provide the documents for service as well as a trust withdrawal

2  account but that nevertheless this individual, without explanation, refuses to permit plaintiff to

3  comply with the court's order. Id.

4       No defendants have been served with process.  Usually persons or entities not parties to an

5  action are not subject to orders for injunctive relief.  Zenith Radio Corp. v. Hazeltine Research,

6  Inc., 395 U.S. 100 (1969).  However, the fact one is not a party does not automatically preclude

7  the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs

8  "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of

9  law."  See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United

10 States v. New York Telephone Co., 434 U.S. 159 (1977).  This section does not grant the court

11 plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the

12 exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d

13 1283, 1289 (9th Cir. 1979).

14      The court is concerned that it may lose its jurisdiction if plaintiff is unable to prosecute

15 this action because he is not being provided the document copies he must have in order to

16 prosecute this case.

17      To the extent plaintiff has requested appointment of counsel, however, plaintiff is

18 informed that the United States Supreme Court has ruled that district courts lack authority to

19 require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist.

20 Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

21 voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

22 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In

23 the present case, as noted, counsel was previously appointed for the limited purpose of drafting

24 and filing a second amended complaint.  The court does not find that exceptional circumstances

25 exist at this time to support further appointment of counsel.  Plaintiff's requests for the

26 appointment of counsel will therefore be denied.

27 ////

28

2

1    Accordingly, IT IS ORDERED that:

2         1.  Within twenty-one days of the date of this order, CMF Law Library Supervisor

3    Sanchez shall inform the court why plaintiff is not being provided the copies required to serve the

4    second amended complaint pursuant to a court order.

5         2.  The Clerk of the Court is directed to serve a copy of this order by mail on CMF

6    Law Library Supervisor Sanchez at California Medical Facility at each of the following

7    addresses:

8         a) P.O. Box 2500, Vacaville, CA  95696-2500;

9         b) 1600 California Drive, Vacaville, CA 95696.

10        3.  Plaintiff's requests for the appointment of counsel (ECF Nos. 27 and 28) are

11   denied.

12   DATED: December 2, 2013

13

14   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28