UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURCH MICHAEL BOWEN, | No. 2:12-cv-01519 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court is plaintiff's motion to stay the case.  ECF No. 57. Defendants have not responded.

Plaintiff has requested an indefinite stay of the proceedings until he is released from prison.  ECF No. 57 at 2.  He claims that while incarcerated he is subject to unspecified retaliation from prison administration and he is not "afforded the same considerations in which to deal with such complaints" because he is serving a life term.  Id.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.  Among these competing interests

1

are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).

Plaintiff's motion is unopposed. However, his request for an indefinite stay of this action is not supported legally or factually. Many cases are filed before this court by prisoners seeking relief for civil rights violations and are litigated even though the plaintiff is incarcerated. The mere fact of incarceration does not warrant a stay of the action and plaintiff's motion for an indefinite stay of the proceedings in this case will be denied. Plaintiff will be given additional time to file a response to the defendants' motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for stay (ECF No. 57) is denied; and

2. Plaintiff shall have thirty days from the filing of this order to file and serve a response to the defendants' motion to dismiss (ECF No. 54). Defendants' reply, if any, shall be filed and served within seven days thereafter.

DATED: March 18, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2